[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 8, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-16334
Non-Argument Calendar

_____

BIA Nos. A79-474-393 & A79-474-394

JAIME ROBERTO OSORIO,
CLARA PATRICIA SANCHEZ, et al.,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review from an Order of the
Board of Immigration Appeals

_____

**(July 8, 2005)**

Before BIRCH, HULL and WILSON, Circuit Judges.

PER CURIAM:

Jaime Roberto Osorio ("Jaime"), his wife Clara Patricia Sanchez ("Clara"), and their daughter Mayra Alejandra Osorio ("Mayra") (collectively, "Petititoners"), seek review of the Bureau of Immigration Appeals' ("BIA") order denying their motion to reconsider the BIA's affirmation of the Immigration Judge's ("IJ") order of removal. Because the Petitioners' removal proceedings commenced after 1 April 1997, the permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009 (1996) ("IIRIRA"), apply. The BIA did not abuse its discretion in denying the Petitioners' motion to reconsider because they failed to argue the appropriate grounds for such relief. Therefore, we DENY the petition for review.

## I. BACKGROUND

The Petitioners are natives and citizens of Colombia who were admitted to the United States as non-immigrant visitors. Jaime was admitted on 6 August 2000 and authorized to stay until 30 June 2001, and Clara and Mayra were admitted on 28 November 2000 and authorized to stay until 27 May 2001. They remained in the United States beyond these dates and on 28 September 2001 were issued Notices to Appear by the Immigration and Naturalization Service ("INS")[1]

---

[1] On 25 November 2002, President Bush signed into law the Homeland Security Act of 2002 ("HSA"), Pub. L. No. 107-296, 116 Stat. 2135. The HSA created a new Department of Homeland Security ("DHS"), abolished the INS, and transferred its functions to the new department. However,

charging them with removability under Immigration and Naturalization Act ("INA") § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), as aliens who remained in the United States for a time longer than permitted.

On 9 October 2001, Jaime filed an application for asylum, withholding of removal, and United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT") relief on behalf of himself and his family. In his application, he alleged that he was offered employment by the National Liberation Army ("ELN") due to his expertise and knowledge of computers. According to Jaime, the ELN threatened him and his family when he refused the offer of employment, and he was kidnaped by the ELN but released on his promise to return and accept the job. After a hearing on the merits, the IJ denied the application for asylum, withholding of removal, and CAT relief. The IJ found that Jaime (1) had not shown a well-founded fear of persecution on a protected ground because the ELN attempted to recruit him due to his knowledge, not his political views, and "[r]ecruitment of an individual by a guerilla organization is not, in and of itself, persecution on account of a political

because this case was initiated while the INS was still in existence, this memorandum refers to the agency as the "INS" rather than the "DHS."

3

opinion," Administrative Record "AR" at 73-74, (2) lacked credibility, and (3) could relocate to another area of Colombia without fear.

The Petitioners appealed the IJ's decision and argued that: (1) portions of the decision were "totally outside of the parameters of the U.S. Supreme Court (Cardoza-Fonseca[2]) case decision and the B.I.A. (Mogharrabi[3]) [c]ase concept of the 'reasonable person,'" AR at 18; (2) the decision was "not within the letter nor the spirit of the Refugee Act of 1980," id.; and (3) the IJ ignored (a) the fact that Petitioners were "chosen political targets," id. at 20, and (b) the current country conditions, which has led to "a civil war," id. at 22. On 18 May 2004, the BIA affirmed the IJ's decision without opinion, pursuant to 8 C.F.R. § 1003.1(e)(4).

On 14 June 2004, the Petitioners filed a timely motion for reconsideration of the BIA's decision. They argued that: (1) portions of the IJ's decision were "totally outside of the parameters set forth in the Supreme Court case decision of Cardoza-Fonseca and the B.I.A. case of Mogharrabi, where the concept of the 'reasonable person' is fully explained," id. at 6; (2) the decision was "not within the letter, nor the spirit of the Refugee Act of 1980," id.; and (3) the IJ "did not give any weight to the persecution [they] endured in Colombia" or consider

_____

[2]INS v. Cardoza-Fonseca, 480 U.S. 421, 107 S. Ct. 1207 (1987).

[3]Matter of Mogharrabi, 19 I&N Dec. 439 (BIA 1987).

4

current country conditions, which has led to "a civil war," id. at 8. The Petitioners asserted that they were entitled to asylum, withholding of removal, and CAT relief because they had "a well-founded fear of persecution based on [their] experienced persecution" and "would be killed" if they returned to Colombia. Id. at 7. The BIA denied the Petitioners' motion for reconsideration based on its finding that they had "failed to specify any particular errors of fact or law in the prior Board decision" but merely reiterated, "in conclusory fashion," the arguments they made on appeal. Id. at 2. The BIA stated that it had considered those arguments before reaching a decision and would not revisit them. Id. This timely petition for review of the BIA's denial of the motion for reconsideration followed. The Petitioners did not file a petition for review of the BIA's final order of removal.

## II. DISCUSSION

The Petitioners argue that, in their motion for reconsideration of the BIA's final order of removal, they listed the reasons for reconsideration and specified the particular errors of fact and law, including the IJ's failure to apply the "reasonable person" concept to define "well-founded fear of future persecution," and the BIA's failure to consider that Jaime "was persecuted, threatened, and kidnaped by the ELN guerillas." Appellant's Brief at 5, 6. The government responds that the Petitioners' motion for reconsideration merely reiterated the arguments raised in

5

their brief in support of their appeal, which arguments the BIA already had considered and rejected. Thus, the government argues, the Petitioners' motion did not satisfy the standard for reconsideration, as it did not specify any errors of law or fact in the BIA's prior decision or identify any legal argument or aspect of the case that had been overlooked.

We review the BIA's denial of a motion to reconsider for an abuse of discretion. Assa'ad v. U.S. Att'y Gen., 332 F.3d 1321, 1341 (11th Cir. 2003). Motions to reconsider are disfavored in removal proceedings. See Immigration and Naturalization Serv. v. Doherty, 502 U.S. 314, 323, 112 S. Ct. 719 (1992) (discussing motions to reopen and explaining that such motions are disfavored because "as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States"). A motion to reconsider must specify "the errors of fact or law in the prior [BIA] decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1).

In this case, the BIA correctly found that the Petitioners' motion to reconsider failed to specify any error of law or fact in the BIA's prior decision, but merely reiterated arguments that were considered and rejected on appeal from the IJ's order denying their application for asylum, withholding of removal, and CAT

relief.  Accordingly, the BIA did not abuse its discretion in denying the motion to reconsider.

### III.  <u>CONCLUSION</u>

The BIA properly denied the Petitioners' motion to reconsider the BIA's affirmation of the IJ's order of removal  because it only reiterated arguments that were advanced and rejected on appeal of the IJ's order denying Petitioner's application for withholding of removal and CAT relief.

Accordingly, the petition for review is **DENIED**.